821 So.2d 455 (2002)
Jody WRIGHT, Appellant,
v.
DSK GROUP and Gallagher Bassett Services, Appellees.
No. 1D01-4149.
District Court of Appeal of Florida, First District.
July 23, 2002.
Robert W. Schoenfelder, St. Petersburg, for Appellant.
Scot E. Samis of Abbey, Adams, Byelick, et al., St. Petersburg, for Appellees.
PER CURIAM.
In this workers' compensation case, claimant seeks review of an order holding *456 that he was not entitled to benefits because the judge of compensation claims was "unable to find th[at] drug use did not contribute to claimant's injury." Because the judge incorrectly applied the law, we are constrained to reverse and remand for further proceedings.
The judge found that claimant had "smoked marijuana on the day of his injury." There is evidence, in the form of testimony from witnesses, to support such a finding. However, the judge incorrectly concluded that, because of the presumption authorized in certain cases by section 440.09(7)(b), Florida Statutes (1999), claimant was required to establish "by clear and convincing evidence that the intoxication or influence of the drug did not contribute to the injury."
Before the presumption authorized by section 440.09(7)(b) can come into play, the employer must establish that "the employee ha[d], at the time of the injury, a blood alcohol level equal to or greater than the level specified in s. 316.193, or ... a positive confirmation of a drug." (Emphasis added.) It is clear that the employer did not meet this burden because it did not require claimant to submit to drug testing until nine days after the work-related injury had occurred. Therefore, the employer was not entitled to the benefit of the presumption authorized by section 440.09(7)(b). Instead, it was obliged to establish, by the greater weight of the evidence, that the work-related injury "was occasioned primarily by the intoxication of the employee; [or] by the influence of any drugs, barbiturates, or other stimulants not prescribed by a physician." § 440.09(3), Fla. Stat. (1999). See generally Temporary Labor Source v. E.H., 765 So.2d 757 (Fla. 1st DCA 2000) (affirming a ruling that the presumption authorized by section 440.09(7)(b) does not arise when confirmation testing did not conform with applicable rules and that, as a result, the employer was required to establish that the injury was caused primarily by the influence of drugs), review denied, 786 So.2d 1189 (Fla.2001). Because the judge incorrectly applied the law in this case, thereby reducing the employer's burden of proof, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
KAHN, WEBSTER and DAVIS, JJ., concur.