PER CURIAM.
In this workers’ compensation case, Claimant appeals the denial of compensa-bility because traces of a cocaine derivative were found in Claimant’s system following a routine urine test performed immediately following a work-place accident. Claimant also appeals the denial of medical bills incurred prior to notification to Claimant’s medical providers that the claim was denied due to Claimant’s positive drug test. We reverse and remand.
The JCC found the Employer/Carrier “made a valiant effort to implement a drug-free workplace” but it was unable to ascertain whether Claimant’s drug test was administered by a facility utilizing procedure which complies with the statute and administrative rules. The JCC therefore erroneously applied the rebuttable presumption in section 440.09(7)(b), requiring Claimant to prove by clear and convincing evidence that the influence of drugs did not contribute to his injuries. § 440.09(7)(a) & (b). See Wright v. DSK Group, 821 So.2d 455, 456 (Fla. 1st DCA 2002); Temporary Labor Source v. E.H., 765 So.2d 757 (Fla. 1st DCA 2000).
Because the JCC incorrectly applied the law by reducing the Employer/Carrier’s burden of proof, we reverse and remand for the JCC to apply the correct burden of proof to determine compensability, and *1237 award medical bills, if any, that are com-pensable.
REVERSED and REMANDED.
ERVIN, BOOTH and BROWNING, JJ., CONCUR.