BROWNING, J.
Appellant fell from a ladder while working on a roof and was hospitalized. A test *600 on a urine sample taken at the hospital revealed the presence of a metabolite of cocaine in Appellant’s body, but Employer/Carrier “was unable to ascertain whether claimant’s drug test was administered by a facility utilizing procedure which complies with the statute and administrative rules.” Lias v. Anderson & Shah Roofing, Inc., 831 So.2d 1236, 1236 (Fla. 1st DCA 2002). Notwithstanding this failure of proof, workers’ compensation benefits were denied because the JCC applied the presumption available under section 440.09(7), Florida Statutes, that the injury was primarily caused by the use of a metabolite of cocaine. On appeal, this Court reversed because the application of the presumption was unsupported by the JCC’s findings or the record, and “remand[ed] for the JCC to apply the correct burden of proof to determine compensability....” Id. After a hearing on the effect of this Court’s order, the JCC again denied the claim on the basis that Appellant had failed to show that the injury occurred in the course and scope of his employment. We reverse.
This Court’s instructions to the JCC limited the remand’s scope to considering the Employer/Carrier’s burden of proof to demonstrate that Appellant’s use of a metabolite of cocaine caused the injury. This express restriction limited the JCC’s discretion to reconsider other aspects of the case. See Turner v. Rinker Materials, 622 So.2d 80, 83 (Fla. 1st DCA 1993). Therefore, on remand the JCC was confined to determining if Appellant’s injury was occasioned primarily by the influence of a metabolite of cocaine, and the JCC was not at liberty to determine that Appellant’s accident did not occur within the course and scope of his employment.
Because the JCC deviated from this court’s mandate in Lias, the final order is reversed and the case remanded. On remand, the JCC, without the taking of further testimony, shall determine whether the work-related injury was occasioned primarily by the influence of drugs pursuant to § 440.09(3), solely, and, if not, the JCC shall enter an order determining com-pensability and award medical bills, if any, that are compensable.
REVERSED AND REMANDED.
ERVIN and DAVIS, JJ., concur.