PER CURIAM.
 

 Claimant appeals an order of the Judge of Compensation Claims (JCC) determining he did not sustain an injury arising out of work performed within the course and scope of his employment, and the injury was occasioned primarily by his intoxication. We affirm.
 

 Claimant, a carpenter, argued he slipped and fell on a pile of lumber, injuring his head, back, and neck while working for the Employer, Edd Bircheat. Claimant’s coworker and supervisor testified Claimant was severely impaired by alcohol, drugs, or a combination of the two on the morning of the accident. Claimant’s supervisor testified Claimant smelled of alcohol, was unable to complete even simple tasks, and could not walk. Claimant’s coworker testified Claimant was “messed up” and could not walk normally.
 

 Once Claimant’s supervisor informed Bircheat of Claimant’s condition, Bircheat instructed Claimant’s supervisor to discharge Claimant and to tell him to wait at the work site, which was remotely located, for a ride home. Claimant had no means of transportation and relied exclusively upon Bircheat for transportation to and from work. The trial testimony indicated Claimant’s accident occurred after he was discharged, but before Bircheat arrived to remove him from the jobsite. Despite his supervisor’s instruction, Claimant attempted to continue working, which led to his accident.
 

 In the order on appeal, the JCC determined Claimant’s accident did not arise out of or within the course and scope of his employment because his actions taken after being fired were not in furtherance of his employment or incidental thereto. Alternatively, the JCC concluded any injury was the result of Claimant’s intoxication.
 

 We conclude the JCC erred in determining any action taken by Claimant after being fired was not within the course and scope of his employment.
 

 [T]he act of discharging an employee is an integral part of the employment relationship, making injuries arising out of discharge causally connected to that employment. ... Discharged employees have a reasonable time in which to leave their former employer’s premises in safety. Injuries incurred during that time are compensable.
 

 Hill v. Gregg, Gibson, & Gregg, Inc.,
 
 260 So.2d 193, 195 (Fla.1972). Nevertheless,
 
 *200
 
 this error is harmless because the JCC properly concluded Claimant was not entitled to workers’ compensation benefits due to his intoxication.
 
 See Sterling v. Mike Brown, Inc.,
 
 580 So.2d 832, 835 (Fla. 1st DCA 1991) (holding even if claimant’s injuries arose out of and in course and scope of employment, compensation was barred due to claimant’s intoxication). “Compensation is not payable if the injury was occasioned primarily by the intoxication of the employee; by the influence of any drugs, barbiturates, or other stimulants not prescribed by a physician-” § 440.09(3), Fla. Stat. (2006).
 

 Claimant correctly argues the Employer/Carrier was not entitled to the application of a presumption of intoxication.
 
 See
 
 § 440.09(7)(b), Fla. Stat. (2006) (providing injury is presumed to have been occasioned primarily by intoxication of employee where test confirms presence of a drug after an accident). When the presumption under section 440.09(7)(b), Florida Statutes, does not apply, employer/carriers must “establish, by the greater weight of the evidence, that the work-related injury ‘was occasioned primarily by the intoxication of the employee.’ ”
 
 Wright v. DSK Group,
 
 821 So.2d 455, 456 (Fla. 1st DCA 2002) (quoting section 440.09(3));
 
 see also Sterling,
 
 580 So.2d at 835 (affirming JCC’s conclusion that, even absent presumption of intoxication, evidence supported finding employee’s injury was primarily caused by his intoxication). Here, competent substantial evidence supports the JCC’s finding that any injury Claimant suffered was primarily occasioned by Claimant’s intoxication. Accordingly, the JCC’s order is AFFIRMED.
 

 BENTON, LEWIS, and CLARK, JJ., concur.