# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D17-0815

————————————————

BEVERLY INMON, Surviving
Spouse of Matthew Inmon
(Deceased),

    Appellant,

    v.

CONVERGENCE EMPLOYEE
LEASING III, INC., TECHNOLOGY
INSURANCE COMPANY, and
AMTRUST NORTH AMERICA OF
FLORIDA,

    Appellees.

————————————————

On appeal from an order of the Judge of Compensation Claims.
William R. Holley, Judge.

Date of Accident:  April 15, 2015.

April 18, 2018

B.L. THOMAS, C.J.

In this worker's compensation case, Claimant (the deceased Employee's spouse) appeals the judge of compensation claims' (JCC's) final order denying her claim for death benefits and funeral expenses under section 440.16, Florida Statutes (2014).  In the order, the JCC found that no benefits were payable in accordance

with subsection 440.09(3), Florida Statutes (2014), because the Employee's death was primarily occasioned by his intoxication. We reject Claimant's argument that the JCC was precluded from considering an intoxication defense under the circumstances of this case. Nevertheless, we reverse the denial of benefits because competent, substantial evidence (CSE) does not support the JCC's ultimate conclusion that the Employee's death was primarily occasioned by his intoxication.

Under subsection 440.09(3), compensation is not payable if the injury was occasioned primarily by the intoxication of the employee. Although section 440.09(7)(b) also provides that evidence of a certain blood alcohol level creates a presumption that injury or death was occasioned primarily by the intoxication of the employee, the Employer/Carrier (E/C) here were not entitled to the presumption due to their non-compliance with the collection and chain of custody procedures set forth in the administrative rules. *See, e.g., European Marble Co. v. Robinson*, 885 So. 2d 502, 506-507 (Fla. 1st DCA 2004) (holding that lack of compliance with administrative rules on blood-alcohol testing precludes presumption that injury primarily occasioned by alcohol). Although the JCC found the blood alcohol testing did not sufficiently comply with the Florida Administrative Code to establish the intoxication presumption under section 440.09(7)(b), the results were admissible on other grounds as chain of custody and authentication were properly established.

"When the presumption in section 440.09(7)(b) does not apply, employer/carriers must 'establish, by the greater weight of the evidence, that the work-related injury was occasioned primarily by the intoxication of the employee.'" *See Thomas v. Bircheat*, 16 So. 3d 198, 200 (Fla. 1st DCA 2009) (quoting *Wright v. DSK Group*, 821 So. 2d 455, 456 (Fla. 1st DCA 2002); *see also Sterling v. Mike Brown, Inc.*, 580 So. 2d 832, 835 (Fla. 1st DCA 1991) (affirming JCC's order finding employee's injury was primarily caused by his intoxication even without presumption). Thus, our standard of review here is whether CSE supports the JCC's finding that the preponderance of the evidence proved the Employee's death was occasioned primarily by his intoxication, despite the inapplicability of the presumption.

2

The undisputed evidence establishes that the Employee, a construction helper, had been assigned to an out-of-town job with Employer-provided per diem and hotel accommodations. After work on April 15, 2015, the Employee's supervisor dropped the Employee off at a bar a few miles from his hotel. Later that evening, the Employee was struck and killed by a truck on US Highway 1. Surveillance video showed that the Employee was weaving in and out of the road shortly before the accident, but the incident itself was not video recorded. Claimant, who was talking with the Employee on his cell phone at the time he was struck, testified that that he was trying to flag down a ride, dropped his phone twice during their conversation, and appeared to her to be intoxicated, but functional. The E/C stipulated that the Employee was on travel status and within the course and scope of his employment when the accident occurred. Test results from the Employee's autopsy indicated a blood alcohol level in excess of the legal limit.[*]

In support of their intoxication defense, the E/C presented the surveillance video along with the testimony of Corporal Gaugh, the traffic homicide investigator who was called to the scene to investigate the Employee's death. The JCC, however, excluded a good deal of the investigator's testimony based on hearsay, speculation, and the witness's lack of expertise as an accident reconstruction specialist. The JCC also sustained numerous objections to testimony from a private investigator hired by the E/C. Notably, the E/C did not present evidence from any of the potential eyewitnesses to the accident including the truck driver and another motorist who was behind the truck driver.

In this appeal, Claimant challenges both the sufficiency and admissibility of the evidence relied upon by the JCC when he determined that the Employee was intoxicated when he was killed and that his death was primarily occasioned by his intoxication. The JCC's determination involved findings of fact that must be

---

[*] Although the JCC found the blood alcohol evidence was insufficient, standing on its own, to establish the statutory presumption on causation, he accepted expert evidence that the Employee's blood alcohol level constituted intoxication.

3

upheld if any view of the evidence and its permissible inferences supports them.  *See Ullman v. City of Tampa Parks Dep't*, 625 So. 2d 868, 873 (Fla. 1st DCA 1993) (holding factual findings are reviewed for CSE). Based on our review of the record, CSE supports the JCC's factual finding that the Employee was intoxicated at the time of his death, even if we were to find, as Claimant argues, that the blood alcohol test results should not have been admitted for any purpose.  But just the fact that the Employee was intoxicated will not constitute CSE to support the JCC's ultimate conclusion that his death was primarily occasioned by his intoxication.

In the order on appeal, the JCC concluded that the accident was occasioned primarily by the Employee's intoxication based on his finding that the Employee was in the middle of the road at the time he was struck. In support, the JCC listed the following evidence:  (1) the video showing the Employee "stumbling in and out of the road where cars were driving by him just minutes prior to the actual collision"; (2) damage on the driver's side of the truck "which allows a reasonable inference that [the Employee] was in the middle of the road when the [truck] hit its brakes"; and (3) the placement of the Employee's body in relationship to the final resting place of the truck that struck him. Assuming, for the sake of argument, that the Employee's presence in the middle of the road is both the cause of the accident *and* primarily a result of his intoxication, CSE does not otherwise support the JCC's finding that the Employee was in the road at the time of the collision.

Under the circumstances here, all three of the factual findings are of questionable probative value in establishing the Employee's location at the time of the accident. First, because the surveillance video does not show the collision itself, it is unclear why this footage alone makes it more likely than not that the Employee was in the road when he was struck. Second, the inference that the JCC drew from the damage on the truck might be reasonable if an accident reconstruction expert had provided an opinion establishing the middle of the road as likely the point of impact based on, for example, the tire skid marks. Without this evidence, and in the absence of eyewitness testimony, the possibility cannot be ruled out that the truck veered off the road for some reason unrelated to the Employee's presence and struck the Employee

4

while he was standing somewhere off of the road. Third, the placement of the Employee's body in relation to the truck was established by Corporal Gaugh's testimony of what he observed on the scene *after* the Employee's body had been moved by emergency medical service personnel.

In short, the JCC's deduction that the Employee was in the road at the time of the collision is based on inferences with no direct evidence. Stacked upon this inference is the inference that the Employee could only have been in the road because he was intoxicated. This is an impermissible stacking of inferences to establish an essential finding of fact. *See, e.g., Espada Enters., Inc., v. Spiro,* 481 So. 2d 1265, 1268 (Fla. 1st DCA 1986) (reversing deputy commissioner's award of death benefits where finding of compensability was based on certain assumptions and inferences rather than CSE) (citing *Girdley Constr. Co. v. Ohmstede*, 465 So. 2d 594, 596 (Fla. 1st DCA 1985) (reversing deputy commissioner's finding that employee's death was result of compensable accident based on impermissible stacking of inferences)).

Accordingly, we REVERSE the order below and REMAND for entry of an order awarding Claimant death benefits and funeral expenses under section 440.16.

JAY and M.K. THOMAS, JJ., concur.

—————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

—————————————————

John J. Rahaim II and Amie DeGuzman, Jacksonville, for Appellant.

Rayford H. Taylor of Hall Booth Smith, P.C., Atlanta, and Heather Bryer-Carbone of Marshall Dennehey Warner Coleman & Coggin, Jacksonville, for Appellees.